UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1324-AGF |
| | ) | |
| ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Fredrick Graham (registration no. 62834) for leave to commence this action without payment of the required filing fee [Doc. #5]. After reviewing plaintiff's financial information, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $7.00. Furthermore, the Court will instruct plaintiff to file an amended complaint on a Court-provided form, as set forth below.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

A review of plaintiff's inmate account statement [Doc. #8] indicates an average monthly deposit of $35.00 over a five-month period. Plaintiff has insufficient funds to pay the entire filing fee at this time. Accordingly, the Court will assess an initial partial filing fee of $7.00, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*,

404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Ste. Genevieve Detention Center, filed this 42 U.S.C. § 1983 action on or about August 24, 2015 [Doc. #1]. On September 11, 2015, plaintiff filed a motion to file an amended complaint, and he attached a proposed pleading drafted on a Court form [Doc. #2]. Thereafter, plaintiff filed a motion for appointment of counsel [Doc. #4], and on September 17, 2015, he filed a second motion to again amend the complaint [Doc. # 9]. For the following reasons, the Court will instruct plaintiff to file one amended complaint on a Court-provided form and will deny, without prejudice, plaintiff's motion for counsel.

All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings and supplements, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees*

4

*Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **Any parties and/or claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **Plaintiff is advised that the amended complaint will replace all previously-filed pleadings and will be the only pleading this Court reviews.** *See id*. **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint.**

Plaintiff should not attach any exhibits to the amended complaint; all claims should be clearly set forth in the "Statement of Claim." In addition, in the "Caption" of the amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued. Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. The amended complaint must contain short and plain

5

statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim"; however, as previously stated, plaintiff shall not attach any exhibits to the pleading. Plaintiff shall sign the amended complaint.

Plaintiff is reminded that he is required to submit his amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from this case.[1] If plaintiff fails to file an amended complaint on a Court form in accordance with the Court's instructions, this action will be dismissed without prejudice and without further notice.

With regard to plaintiff's motion for appointment of counsel [Doc. #4], he asserts that he is indigent, his knowledge of the law is limited, the issues in this case

---

[1] The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

are complex, and his imprisonment will "greatly limit his ability to litigate." For the following reasons, the motion will be denied without prejudice.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Id.*

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex, and it appears that plaintiff is able to present his claims. Consequently, the motion will be denied at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #5] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $7.00 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case

number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that, consistent with this Order, plaintiff shall file an amended complaint **on or before November 2, 2015,** on the Court-provided form and in accordance with the specific instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to file an amended complaint [Docs. #2 and #9] are **DENIED as moot**, given that the Court has instructed plaintiff to file an amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 2nd day of October, 2015.

_____
**UNITED STATES DISTRICT JUDGE**