**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FREDRICK GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1324-AGF |
| | ) | |
| ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint [Doc. 14]. For the following reasons, the Court finds that process should issue with respect to plaintiff's Fourteenth Amendment claims for police brutality and failure to provide medical assistance against defendants Matthew Manley and Gregory Klipsch in their individual capacities. As to all other defendants and claims, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Amended Complaint

Plaintiff, an inmate at the Saint Genevieve Detention Center, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are the St. Louis Metropolitan Police Department and St. Louis police officers Matthew Manley, Gregory Klipsch, Brandon Wyms, Shaviste Grandberry, and John Doe. As more fully discussed below, plaintiff is alleging that he sustained "[p]ersonal injuries from police brutality [that] occurred on September 3, 2014, during an unlawful arrest [without a] warrant." Plaintiff is suing defendants in both their official and individual capacities for the violation of his Eighth Amendment rights. The Court will liberally construe these claims as Fourteenth Amendment violations, given that plaintiff was a pretrial detainee when the alleged brutality took place. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).[1]

## Discussion

**A.  Official Capacity Claims against All Defendant Police Officers**

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the

---

[1] The Court notes that the United States Court of Appeals for the Eighth Circuit has "repeatedly applied the deliberate indifference standard of *Estelle* to pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." *Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690-91 (1978). The instant amended complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official capacity claims are legally frivolous and will be dismissed, without prejudice.

### B. Individual Capacity Claims against Manley and Klipsch

Liberally construing the amended complaint, plaintiff claims that defendants Matthew Manley and Gregory Klipsch illegally arrested him on September 3, 2014, while plaintiff was on the front porch of a family friend's house. In the course of the arrest, Manley allegedly assaulted plaintiff "by repeatedly punching and kicking [him]," resulting in serious physical injuries for which Manley allegedly failed to afford plaintiff proper medical attention. In addition, plaintiff alleges that defendant Klipsch "punch[ed] the plaintiff unconscious and excessively taser[ed] the plaintiff from the back of his head for long periods of time and threaten[ed] further abuse by assault of the plaintiff [if he] did not participate in giving any whereabouts of criminal activity." The Court finds that plaintiff has sufficiently alleged Fourteenth Amendment violations against Manley and Klipsch in their individual capacities.

In addition to the aforementioned Fourteenth Amendment claims, plaintiff summarily states that he was attacked because of his race, that Klipsch "showed elements of fraud," and that Manley "tried to mislead the proceedings by multiple documents,

4

statements and testimonies in trial also which were clearly inconsistent to each other and tampered with evidence by not properly requesting a crime scene investigator, to and which concealed is unlawful and tends affirmatively to suppress of the truth such conduct is designated active concealment." These convoluted allegations fail to state § 1983 claims and are, at best, mere legal conclusions or threadbare recitals of the elements of a cause of action, which are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 677-78; *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (although liberally construed, pro se complaint must still allege sufficient facts to support claim advanced); *see also Creason v. City of Washington*, 435 F.3d 820, 823 (8th Cir. 2006) (as a threshold matter, to state an equal protection claim, plaintiff must have established he was treated differently from others similarly situated).

### C. Individual Capacity Claims against Grandberry, Wyms, and Doe

Plaintiff states that defendants Shaviste Grandberry, Brandon Wyms, and John Doe were "assigned to transport" him following the September 3 arrest and alleged assault. Plaintiff conclusorily states, "Active concealment, conspiracy and corruption." He summarily alleges that these police officers committed "[a]ctionable negligence for trying to conceal the injuries of plaintiff and wipe away the blood" at the Union Boulevard substation on September 3, 2014. Plaintiff complains that the officers "failed to perform a legal duty" and were negligent in "not reporting the blood loss or the truth which the neglect took place on camera." He further states that "concealment became a fraud and cause[d] the plaintiff to be assaulted, etc."

5

Plaintiff's claims are legally frivolous and fail to state a § 1983 claim. Mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Moreover, plaintiff's conclusory allegations are insufficient to support a conspiracy claim. To properly plead a claim for civil conspiracy under § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. *See Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993); *see also Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010) (conspiracy claim under § 1983 alleging violation of constitutional rights requires allegations of specific facts tending to show meeting of minds among alleged conspirators). The amended complaint lacks such allegations.

For these reasons, this action will be dismissed, without prejudice, as to defendants Shaviste Grandberry, Brandon Wyms, and John Doe.

**D. Claims against the St. Louis Metropolitan Police Department**

Plaintiff alleges that the St. Louis Metropolitan Police Department was responsible

for "the overall operation" of the defendant police officers in this case. Police departments, however, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi Co. Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Moreover, the doctrine of respondeat superior is not applicable in § 1983 actions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). As such, this action is legally frivolous and will be dismissed, without prejudice, as to defendant St. Louis Metropolitan Police Department.

Accordingly,

**IT IS HEREBY ORDERED** that, with regard to plaintiff's Fourteenth Amendment claims for police brutality and failure to provide medical assistance against defendants Matthew Manley and Gregory Klipsch in their individual capacities, the Clerk shall issue process or cause process to be issued on the amended complaint.

**IT IS FURTHER ORDERED** that defendants Matthew Manley and Gregory Klipsch shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to defendants St. Louis Metropolitan Police Department, Shaviste Grandberry, Brandon Wyms, and John Doe, the Clerk shall not issue process or cause process to issue, because the amended complaint is legally

frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of March, 2016.

*Audrey G. Fleissig*
_____
**UNITED STATES DISTRICT JUDGE**