UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK GRAHAM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:15-cv-01324-AGF |
| ) | |
| MATTHEW MANLEY, in his individual ) | **JURY TRIAL DEMANDED** |
| capacity and official capacity as a police ) | |
| officer of the St. Louis Metropolitan Police ) | |
| Department, and GREGORY KLIPSCH, ) | |
| in his individual capacity and official ) | |
| capacity as a police officer of the St. Louis ) | |
| Metropolitan Police Department, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

Plaintiff Frederick Graham brings this action against Defendants Matthew Manley and Gregory Klipsch under 42 U.S.C. §1983 for violating his civil rights. In support of the Second Amended Complaint, Graham makes the following allegations:

## INTRODUCTION

1. Frederick Graham was a sales representative for SafeLink Wireless and Total Call Mobile, two companies associated with the LifeLine Program. The LifeLine Program provides free mobile phone service to qualified low-income customers.

2. On September 3, 2014, Graham was working in his sales territory when he was confronted by two plainclothes police officers, Defendants Matthew Manley and Gregory Klipsch. The offices were purportedly investigating a series of robberies that had occurred in the neighborhood. Graham was not a suspect in these crimes and he did not otherwise fit any description.

3.      The officers approached Graham and directed him to put his hands up.  Then, without warning, the officers tasered Graham several times.  They then placed him in handcuffs.

4.      The impact from the taser caused Graham to fall against the concrete sidewalk.  The impact from the fall knocked him unconscious and caused damage to his eye, shoulder, and back. Graham still suffers from the effects of this fall.

5.      Graham now brings this §1983 action against Officers Manley and Klipsch for excessive force and for an unlawful seizure.

## PARTIES

6.      Plaintiff Frederick Graham was a resident of St. Louis, Missouri.  He is currently incarcerated in Terre Haute, Indiana.

7.      Defendant Gregory Klipsch is a police officer with the St. Louis Metropolitan Police Department.  Officer Klipsch is sued in both his individual and official capacities.

8.      Defendant Matthew Manley is a police officer with the St. Louis Metropolitan Police Department.  Officer Manley is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under 42 U.S.C. § 1983 and under the Fourth and Fourteenth Amendments of the United States Constitution.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the incident giving rise to the claim in this suit occurred in the Eastern Division of the Eastern District of Missouri.

## FACTUAL BACKGROUND

**Frederick Graham Visits with a Customer and Friend**

11. Frederick Graham was a sales representative for SafeLink Wireless and Total Call Mobile, two companies associated with the LifeLine Program. The LifeLine Program provides free mobile phone service to qualified low-income customers.

12. On the evening of September 3, 2014, Graham was working in his sales territory.

13. As part of his job, Graham went door-to-door, looking to sign up customers for either SafeLink Wireless or Total Call. Graham's sales territory was located within North St. Louis.

14. Just before the incident at issue, Graham had been visiting with Tamika Gistand, who lived on the 5800 block of Romaine Place. Graham was friends with the father of Gistand's child and also knew Gistand through his own sister and as a customer of SafeLink Wireless and Total Call.

15. Gistand's residence was located within Graham's sales territory.

16. On September 3, 2014, Graham had been charging his mobile hotspot at the Gistand residence when he stepped outside to smoke a cigarette.

**The Officers Approach Graham without Justification and Taser Him**

17. When Graham stepped outside of the Gistand residence, he saw an unmarked car pull up. Two officers, Manley and Klipsch, then stepped out of the vehicle and approached Graham.

18. The officers were in plainclothes and did not show Graham a badge or identify themselves as police officers. However, common sense suggested that they might be police officers.

19. The offices were purportedly investigating a series of robberies that had occurred in the neighborhood. Graham was not a suspect in these crimes and he did not otherwise fit any description.

20. No one had called the police on Graham.

21. As the officers approached, Graham was directed to put his hands up. Then, without warning, the officers tasered Graham several times, with one dart hitting him in the lower back and another hitting him in the back of the head.

22. The impact from the taser caused Graham to fall against the concrete sidewalk. The impact from the fall knocked him unconscious and caused damage to his eye, shoulder, and back. When Graham regained consciousness, his eye had split open and blood was running down his face.

23. Officer Klipsch administered the taser.

24. The officers subsequently placed Graham in handcuffs, with Officer Manley placing his knee against Graham's head, as Graham lay on the ground.

25. Graham was not resisting at any point and never ran from the police.

26. Because of the layout of the homes and fences, it is not possible to run in the area where Graham was tasered.

**Graham is Taken to the Justice Center and then St. Alexius Hospital**

27. A different set of police officers cleaned Graham up and took him to the police substation. He was then taken to the Justice Center.

28. A nurse at the Justice Center assessed Graham and found that he was not fit for confinement. Graham was then taken to St. Alexius Hospital.

29. According to notes from St. Alexius Hospital, the nurse at the Justice Center believed Graham's shoulder was dislocated.

30. According to notes from St. Alexius Hospital, Graham had a laceration over his left eye.

31. On September 4, 2014, a staff physician for the Emergency Department at St. Alexius Hospital pronounced Graham fit for confinement.

32. Graham continues to experience headaches as a result of being tasered. The impact of the fall from the taser also aggravated Graham's back injury, and he continues to suffer from back pain.

## COUNT I: 42 U.S.C. §1983

**(Against All Defendants for Excessive Force in Violation of the Fourth and Fourteenth Amendments to the United States Constitution)**

33. Graham realleges his previous allegations, 1-32.

34. Defendants Manley and Klipsch, while acting under color of state law, deprived Graham of the rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Graham to excessive force.

35. The federal Constitution protects Plaintiff against unreasonable seizures and excessive force.

36. Graham was seized when he was tasered to the point where he was rendered unconscious and then subsequently handcuffed.

37. Graham suffered injuries to his eye, head, back, and shoulder, which he still experiences, as a result of the officers' use of excessive force.

38. The excessiveness of the officers' use of force was objectively unreasonable. Graham was not resisting arrest, was not a suspect in any crime, and did not pose a threat to anyone at the time that he was tasered.

39. Graham was not a suspect in a crime and did not fit a description at the time that he was tasered and handcuffed.

40. Instead, Graham was working as a salesman at the time that he was tasered and handcuffed.

41. Graham posed no imminent threat to anyone at the time that he was tasered and handcuffed.

42. Officers Manley and Klipsch violated Plaintiff's constitutional right to be free from excessive force.

43. Plaintiff's right to be free from the excessive force was clearly established at the time of the alleged incident.

44. Officers Manley and Klipsch acted maliciously, intentionally, and in reckless disregard to Plaintiff's rights and not in a good faith effort to promote safety or any other legitimate ends.

## COUNT II: 42 U.S.C. §1983

**(Against All Defendants for Unreasonable Seizure in Violation of the Fourth and Fourteenth Amendments to the United States Constitution)**

45. Graham realleges his previous allegations, 1-44.

46. Defendants Manley and Klipsch, while acting under color of state law, deprived Graham of the rights, privileges, and immunities secured by the Constitution and laws of the

United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting Graham to an unreasonable seizure.

47. The federal Constitution protects Plaintiff against unreasonable seizures and excessive force.

48. Graham was subject to an unlawful seizure when the officers tasered, and subsequently handcuffed, Graham without justification.

49. Graham was not a suspect in a crime and did not fit a description at the time that he was tasered and handcuffed.

50. Instead, Graham was working as a salesman at the time that he was tasered and handcuffed.

51. Graham posed no imminent threat to anyone at the time that he was tasered and handcuffed.

52. Officers Manley and Klipsch violated Plaintiff's constitutional right to be free from unreasonable seizures.

53. Plaintiff's right to be free from unreasonable seizures as described herein was clearly established at the time of the incident alleged.

54. Officers Manley and Klipsch acted maliciously, intentionally, and in reckless disregard to Plaintiff's rights and not in a good faith effort to promote safety or any other legitimate ends.

## JURY DEMAND

Graham respectfully demands a jury trial pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. Judgment for the Plaintiff against the Defendants, jointly and severally;

B. Compensatory damages in excess of $100,000 against the Defendants jointly and severally, or for such sum as the jury shall award;

C. Punitive damages in excess of $100,000 against the Defendants jointly and severally, or for such sum as the jury shall award;

D. An award of Plaintiff's reasonable attorneys' fees, including costs of this action;

E. An award of prejudgment interest; and

F. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

HEPLERBROOM LLC

By: */s/ Charles N. Insler*
Charles N. Insler          58623MO
charlesn.insler@heplerbroom.com
One Metropolitan Square
211 N. Broadway, Suite 2700
St. Louis, MO 63102
Phone: (314) 241-6160
Fax: (314) 241-6116

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was electronically filed on November 21, 2016, with the Clerk of the court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Charles N. Insler*