UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FREDRICK GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV01324 AGF |
| | ) | |
| MATTHEW MANLEY, in his individual | ) | |
| capacity and official capacity as a police | ) | |
| officer of the St. Louis Metropolitan Police | ) | |
| Department; and GREGORY KLIPSCH, | ) | |
| in his individual capacity and official | ) | |
| capacity as a police officer of the St. Louis | ) | |
| Metropolitan Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter, brought under 42 U.SC. § 1983, is before the court on the motion of Defendants Matthew Manley and Gregory Klipsch to dismiss Plaintiff Fredrick Graham's Second Amended Complaint (the "Complaint") for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motion will be granted with respect to all claims, except the claim that Defendant Klipsch, in his individual capacity, used excessive force in effecting Plaintiff's arrest.

## BACKGROUND

Plaintiff's Complaint asserts Fourth and Fourteenth Amendment claims of excessive force (Count I) and unreasonable seizure (Count II) against Defendants in their individual and official capacities as police officers of the St. Louis Metropolitan Police

Department. Plaintiff's claims arise out of his arrest on September 3, 2014. Plaintiff alleges that he was a sales representative, working "in his sales territory" going door-to-door looking for customers for mobile phone service, when Defendants, who were in plainclothes purportedly investigating a series of robberies, approached and directed Plaintiff to put his hands up. According to the Complaint, Klipsch "without warning" tased Plaintiff in dart mode several times, with one dart hitting him in the lower back and another hitting him in the back of the head. The impact of the taser caused Plaintiff to fall against the concrete sidewalk, knocking him unconscious and injuring his eye, shoulder, and back. Plaintiff further alleges that at the time he was tased, he was not resisting arrest, was not a suspect in a crime, and did not pose a threat to anyone. Plaintiff further alleges that Defendants placed him in handcuffs, with Defendant Manley placing his knee against Plaintiff's head, as Plaintiff lay on the ground. Plaintiff was brought to the police "substation" and then to jail, where a nurse thought Plaintiff's shoulder was dislocated. Plaintiff was taken to the hospital, and discharged on September 4, 2014, fit for confinement. Plaintiff alleges that he continues to experience headaches as a result of being tased and that the impact of the fall from the taser also aggravated his back injury, and he continues to suffer from back pain. ECF No. 52.

Following his arrest, Plaintiff was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Graham*, No. 4:14-CR-00333-RLW. An evidentiary hearing was held on Plaintiff's pretrial motions to suppress statements and physical evidence (a ski mask and gloves found in Plaintiff's pocket, and a gun), based on which the district court (adopting the magistrate judge's Report and

2

Recommendation) made the following factual findings: At 11:00 p.m. on the night in question, Defendants were driving in an unmarked car in a high crime area when they saw Plaintiff walking alone in the middle of a deserted street. Plaintiff repeatedly looked over his shoulder to monitor Defendants' location, and repeatedly pulled at his waistband, which Defendant Klipsch believed, based on his experience, was an attempt to conceal a weapon. When Plaintiff walked up to the front door of a house, Defendants called out to him, identified themselves as police officers, and asked Plaintiff if he lived there. Plaintiff gave inconsistent answers and then ran from the house, throwing a pistol to the ground as he ran. Defendants ran after Plaintiff and ordered him to stop several times. Petitioner ran on and Defendant Klipsch again ordered him to stop and told him he would use a taser if he did not stop. Petitioner kept running and Defendant Klipsch tased him. "Both taser prongs properly deployed and struck [Plaintiff.]" Plaintiff fell to the ground and Defendants placed him under arrest and handcuffed him. Klipsch offered Plaintiff medical attention, but Plaintiff refused it. Plaintiff did not appear disoriented, groggy, sleepy, or in pain after being tased. Petitioner was transported to jail for booking. Upon arrival, Plaintiff complained of shoulder pain and he was taken to the hospital where he was examined, and then discharged that same night. *Id*. ECF No. 54 at 9-10.

The district court held that Defendants "knew reasonable, articulable facts that supported their reasonable suspicion that [Petitioner] was involved in some criminal activity" when he was at the front of the house before he fled, and that this allowed Defendants to stop Plaintiff for a brief investigatory stop. The district court further held that after Petitioner fled, Defendant Klipsch had probable cause to believe that Plaintiff

3

was illegally in possession of a firearm. The court concluded that seizure of the mask and gloves from Plaintiff's person should not be suppressed, "because they were seized in a proper search incident to a lawful arrest, which is an exception to the Fourth Amendment warrant requirement." *Id*. ECF No. 54 at 15.

Plaintiff was convicted by a jury, and his conviction was affirmed on appeal. *United States v. Graham*, No. 16-1423, 2017 WL 702287 (8th Cir. Feb. 22, 2017).

## **ARGUMENTS OF THE PARTIES**

Defendants argue that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted for three reasons. Defendants first argue that collateral estoppel bars re-litigation of the propriety of Plaintiff's arrest, based on the facts as determined by the district court in Plaintiff's criminal prosecution. In support of this argument, Defendants rely on cases applying Missouri rules of collateral estoppel.

Second, Defendants contend that both counts against Defendants in their individual capacities are barred by qualified immunity. Defendants argue that Count I should be dismissed because, under the totality of circumstances found by the district court in Plaintiff's criminal prosecution, Defendants used reasonable – not excessive – force; and Count II should be dismissed because under the facts determined by the court in Plaintiff's criminal prosecution, Defendants did not illegally or unreasonably seize Plaintiff. Lastly, Defendants argue that Plaintiff's claims against Defendants in their official capacities should be dismissed because such claims are claims against the municipality, and Plaintiff fails to allege a policy or custom that would trigger municipal

liability under *Monell v. Department of Social Services*, 436 U.S. 658 (2000).

Plaintiff responds that defensive collateral estoppel is inappropriate here because Defendants cannot establish that the issues in this proceeding and in Plaintiff's criminal prosecution are identical, in that the suppression hearing and subsequent order did not specifically address whether the officers' use of force was reasonable. Plaintiff further argues that collateral estoppel is unavailable because Defendants cannot ascertain that Plaintiff had a full and fair opportunity to litigate the current issues at his evidentiary hearing in his criminal prosecution. More specifically, Plaintiff argues that the nature of a "preliminary hearing" is fundamentally different than a trial, and as such, orders from preliminary hearings should not have preclusive effect in § 1983 actions. Plaintiff also relies on cases applying Missouri collateral estoppel principles.

Plaintiff contends that qualified immunity is inapplicable because, taking Plaintiff's allegations in the Complaint as true, "Defendants' use of a dangerous weapon on a non-violent suspect who was not fleeing was objectively unreasonable," and Defendants' seizure of Plaintiff was unreasonable because Plaintiff was not a suspect in a crime, not fleeing, and not resisting arrest. Lastly, Plaintiff requests the right to re-plead, after discovery, a municipal custom or policy.

## DISCUSSION

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but the court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

To state a claim under § 1983, a Plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Liability under § 1983 requires direct responsibility for the deprivation of rights protected by the Constitution; in other words, civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).

**Unlawful Seizure**

The Fourth Amendment to the United States Constitution forbids the unreasonable seizure of persons. U.S. Const. Amend. IV. This prohibition applies to the states through the Fourteenth Amendment. Here, the Court concludes that Plaintiff's unlawful seizure claim is barred by principles of issue preclusion. The parties erroneously rely on Missouri collateral estoppel principles. Because the prior court decision at issue was entered in federal court, collateral estoppel principles of federal, not state, law apply. *See, e.g., Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007); *Morse v. C.I.R.*, 419 F.3d 829, 834 (8th Cir. 2005). The Eighth Circuit recognizes five elements for federal collateral estoppel:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Robinette*, 476 F.3d at 589 (citation omitted).

Collateral estoppel bars re-litigation of Plaintiff's claim of unreasonable seizure because the same issue of whether Defendants had probable cause to arrest Plaintiff was decided in Plaintiff's criminal case. All five elements of collateral estoppel are met: (1) Plaintiff was a party in the criminal case, (2) the same Fourth Amendment issue was involved in the criminal case, (3) the issue was fully litigated in an evidentiary hearing, (4) the district court held Defendant Klipsch "had probable cause to believe that [Plaintiff] was illegally in possession of a firearm," and (5) the determination of whether Defendants had probable cause was essential to deciding whether evidence seized in the arrest was proper. *See Brewer v. Hopple*, No. 1:15-CV-0942, 2015 WL 3754548, at *1 (M.D. Pa. June 16, 2015) (holding that the plaintiff's § 1983 claim of unreasonable search and seizure was barred by issue preclusion because in the plaintiff's federal criminal case, the court denied his motion to suppress evidence); *see also Crawford v. Frimel*, 337 F. App'x 211, 214 (3d Cir. 2009) (same as to *Bivens* claim challenging constitutionality of arrest where the plaintiff had unsuccessfully litigated the issue during the course of his criminal proceedings in his motion to suppress).

**<u>Excessive Force</u>**

"A claim that law-enforcement officers used excessive force to effect a seizure is

7

governed by the Fourth Amendment's reasonableness standard." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In determining whether the force used to effectuate a particular seizure is "reasonable" under the Fourth Amendment, courts consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Schoettle v. Jefferson Cty.*, 788 F.3d 855, 859 (8th Cir. 2015).

Whether excessive force was used to effectuate Plaintiff's arrest was not litigated in the suppression hearing. Plaintiff's claim that Defendants used excessive force is therefore not precluded by estoppel. *See Brewer*, 2015 WL 3754548, at *3.[1] The excessive force claim against Defendant Manley, however, is subject to dismissal because he was not alleged to have been responsible for the use of the taser. Although Plaintiff does allege that Defendant Manley placed his knee on Plaintiff's head as Plaintiff lay on the ground, the gravemen of the Complaint is that the complained-of injury was caused by the taser. *See, e.g., Reynolds v. Russell*, No. 4:16-CV-149 JCH, 2016 WL 4206027, at *1 (E.D. Mo. Aug. 10, 2016) (dismissing a defendant who was not alleged to have been directly involved in the use of excessive force against the plaintiff).

---

[1] The Court notes that this claim is also not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a section 1983 action should be dismissed if a judgment "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence," unless the conviction or sentence was reversed or called into question. *See Colbert v. City of Monticello*, 775 F.3d 1006, 1007 (8th Cir. 2014); *Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996).

**Qualified Immunity**

As noted above, Defendants argue that Plaintiff's § 1983 claims against Defendants in their individual capacities should be dismissed on the basis of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). At the time of Plaintiff's arrest, it was clearly established that an arrestee enjoyed the right to be free from excessive force during an arrest. *See Henderson v. Munn*, 439 F.3d 497, 503 (8th Cir. 2006). To decide whether a particular use of force in effecting an arrest is objectively reasonable, courts examine the facts and circumstances of each case, including the crime's severity, whether the suspect poses an immediate threat to the safety of officers or others, and whether the suspect actively resists arrest or flees. *Seiner v. Drenon*, 304 F.3d 810, 812 (8th Cir. 2002) (citing *Graham*, 490 U.S. at 395).

"Defendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (citation omitted). Although on a motion to dismiss, the court must construe the factual allegations in the complaint in favor of the plaintiff, the court does not "presume the truth of legal conclusions couched as factual allegations." *Id.* (citation omitted).

At this stage of the proceedings, the Court cannot say as a matter of law that the amount of force used by Defendant Klipsch was objectively reasonable. This is so even in light of the district court's findings of fact and conclusions of law in Plaintiff's criminal case, described above. The district court in that case did not focus on the issue of excessive force, and made no findings that would entitle Defendant Klipsch to qualified immunity as a matter of law on this claim. The Court cannot state on the current record whether use of a taser was warranted, or whether the manner in which the taser was used was reasonable. It may well be that Defendant Klipsch will prevail on summary judgment on this claim, but at this stage the Court will deny Defendants' motion to dismiss the claim.

**Official Capacity**

"A [§ 1983] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Therefore, to establish that public officials are liable in their official capacities, plaintiffs "must prove that the municipality itself caused the constitutional violation at issue." *Id.* (citation omitted). A municipality cannot be held liable under respondent superior or vicarious liability theories. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694-95. Instead, a municipality is only liable under § 1983 when "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id*.

Here, Plaintiff does not allege any policy or custom of the City of St. Louis. Therefore, Plaintiff fails to state a claim against Defendants in their official capacities.

The Court dismisses the official capacity claim without prejudice should Plaintiff seek to amend his complaint at a later date.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for failure to state a claim is **GRANTED**, with the exception of Plaintiff's excessive force claim against Defendant Klipsch in his individual capacity. (ECF No. 54.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May 2017.