UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDRICK GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:15CV01324 AGF |
| | ) |
| ST. LOUIS METROPOLITAN | ) |
| POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter, brought under 42 U.SC. § 1983, is before the court on the motion of the last remaining Defendant, Gregory Klipsch, in his individual capacity as a police officer, for summary judgment on Plaintiff Fredrick Graham's claim that Klipsch used excessive force in effecting Plaintiff's arrest on September 3, 2014.  For the reasons set forth below, the motion will be denied.

## BACKGROUND

The summary judgment record establishes that following his arrest,  Plaintiff was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Graham*, No. 4:14-CR-00333-RLW.  The record, including the district court's findings of fact following an evidentiary hearing that was held on Plaintiff's pretrial motions to suppress statements and physical evidence (a ski mask, gloves, and a gun), establishes the following:  At 11:00 p.m. on the night in question, Klipsch and another officer were driving in an unmarked car in a high crime area when they saw

Plaintiff walking alone in the middle of a deserted street. Plaintiff repeatedly looked over his shoulder to monitor the officers' location, and repeatedly pulled at his waistband, which Klipsch believed, based on his experience, was an attempt to conceal a weapon. When Plaintiff walked up to the front door of a house, the officers called out to him, identified themselves as police officers, and asked Plaintiff if he lived there. Plaintiff gave inconsistent answers and then ran from the house, throwing a pistol to the ground as he ran. The officers ran after Plaintiff and ordered him to stop several times. Plaintiff ran on, and Klipsch again ordered Plaintiff to stop and told Plaintiff that he (Kiplisch) would use a taser if Plaintiff did not stop. Petitioner kept running and Kisch tased him (on dart mode).[1] Plaintiff fell to the ground and the officers placed him under arrest and handcuffed him. Plaintiff was transported to jail for booking. Upon arriving at jail, Plaintiff complained of shoulder pain, and he was taken to the hospital where he was examined and then discharged that same night. *Id.*, ECF No. 54, 65.

In its finding of fact, the district court held that the officers "knew reasonable, articulable facts that supported their reasonable suspicion that [Petitioner] was involved in some criminal activity" when he was at the front of the house before he fled, and that this allowed the officers to stop Plaintiff for a brief investigatory stop. The district court further held that after Petitioner fled, Klipsch had probable cause to believe that Plaintiff was illegally in possession of a firearm. The court concluded that seizure of the mask and gloves from Plaintiff's person should not be suppressed "because they were seized in

---

[1] "In dart mode, a taser shoots probes into a subject and overrides the central nervous system," and is used for incapacitation. *Estate of Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 897 (4th Cir. 2016).

a proper search incident to a lawful arrest, which is an exception to the Fourth Amendment warrant requirement." *Id*., ECF No. 54 at 15. Plaintiff was convicted by a jury and his conviction was affirmed on appeal. *United States v. Graham*, No. 16-1423, 2017 WL 702287 (8th Cir. 2017).

Klipsch testified by deposition in this case consistent with the version of events found by the court as described above, up to the time that he tased Plaintiff after warning Plaintiff that he (Klipsch) would do so if Plaintiff did not stop running from him. ECF No. 92-3 at 5-6. Klipsch went on testify that when he tased Plaintiff, "two prongs" hit Plaintiff in the back, and Plaintiff fell to the ground and was "incapacitated." Klipsch then testified as follows: "[When the initial contact [was] made, he fell down. After the cycle ended, I ordered him to place his hands behind his back and stay on the ground. He didn't comply. He attempted to get up again, and [I] told him, I'll tase you again, and he continued to proceed to get up, and I delivered a second burst." *Id*. at 6.

Plaintiff presents a different version of events that led up to the tasing. He testified by deposition that he did not act suspiciously, that he did not flee from the police, that he did not discard a firearm from his waitband, and that he did not refuse directives from the police at any time. He testified that he was tased from behind, and did not recall just what happened thereafter, because he lost consciousness; when he awoke on the ground he was bleeding and four or five officers were asking him questions. ECF No. 92-2.

# DISCUSSION

## Summary Judgment Standard

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, a court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the record. *Sokol & Assocs., Inc. v. Techsonic Indus., Inc.*, 495 F.3d 605, 610 (8th Cir. 2007).

To be a material fact, the factual issue must potentially "affect the outcome of the suit under the governing law." *Id.* (citation omitted). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[T]he burden of demonstrating that there are no genuine issues of material fact rests on the moving party," and the court must view "the evidence and the inferences that may be reasonably drawn therefrom in the light most favorable to the non-moving party." *Allard v. Baldwin*, 779 F.3d 768, 770 (8th Cir. 2015).

## Excessive Force

"A claim that law-enforcement officers used excessive force to effect a seizure is

4

governed by the Fourth Amendment's reasonableness standard." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2020 (2014) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In determining whether the force used to effectuate a particular seizure is "reasonable" under the Fourth Amendment, courts consider the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Brossart v. Janke*, 859 F.3d 616, 624 (8th Cir. 2017); *Schoettle v. Jefferson Cnty.*, 788 F.3d 855, 859 (8th Cir. 2015).

Here, as Klipsch argues, Plaintiff is collaterally estopped from now presenting facts that contradict those found in his criminal case. Based on those facts, the Court concludes that the record establishes that Klipsch did not use unconstitutionally excessive force by tasing Plaintiff the first time. *See, e.g.*, *Lawyer v. City of Council Bluffs*, 361 F.3d 1099 (8th Cir. 2004). However, this cannot be said about the second time Klipsch tased Plaintiff. Klipsch himself testified that Plaintiff was "incapacited" after the first tasing. Klipsch did not testify that he believed Plaintiff posed a threat at that point to Klipsch or anyone else in the vicinity. Klipsch argues that the Court must take the record "as a whole" and cannot pick and choose discrete parts of the story. But the second tasing appears to have been a discrete act under circumstances quite different from the first tasing.

Thus, the Court cannot say that Klipsch tasing Plaintiff a second time when Plaintiff was on the ground was reasonable as a matter of law, and the Court concludes that there is a genuine issue of material fact as to whether Klipsch used excessive force in

violation of Plaintiff's constitutional rights by tasing him when he was on the ground after he was incapacitated. *Cf. Brown v. City of Golden Valley*, 574 F.3d 491, 500 (8th Cir. 2009).

**Qualified Immunity**

Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would not have known." *Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016) (citation omitted). In determining whether a law enforcement officer is entitled to qualified immunity, "[t]he relevant inquiry is whether existing precedent placed the conclusion that [the officer] acted unreasonably [under the circumstances] 'beyond debate.'" *Mullenix v. Luna*, 136 S.Ct. 305, 309 (2015). At the time of Plaintiff's arrest, a reasonable officer in Klipsch's position would have known that using a taser on an arrestee who was incapacitated on the ground, having just been tased once on dart mode, was not posing a threat to the officer or others, and was not escaping violated a clearly established right. The facts at trial may indicate that Klipsch acted reasonably under the circumstances in tasing Plaintiff a second time. However, on the record before the Court, this cannot be said as a matter of law at this point in the proceedings.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Gregory Klipsch's motion for

summary judgment is **DENIED**. (ECF No. 91.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of July 2018