UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK GRAHAM, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-cv-01324-agf |
| GREGORY KLIPSCH, | ) |
| Defendants. | ) |

### DEFENDANTS' TRIAL BRIEF

Defendant Gregory Klipsch ("Defendant") submits the following trial brief in advance of the December 13, 2021 trial setting, as directed by the Court in its Order of August 20, 2021 (Doc. 150):

### FACTUAL/ LEGAL ISSUES

On September 3, 2014, Saint Louis, Missouri, Police Detectives Gregory Klipsch and Matthew Manley were patrolling an area that had experienced a spate of robberies, shootings, and other violent crimes. The detectives were driving an unmarked car and were wearing clothing emblazoned with the word "POLICE." The detectives saw Graham walking on the sidewalk as they drove slowly down the block and observed Graham's repeated glances over his shoulder in their direction. Graham suddenly turned, left the sidewalk, approached a residence, and adjusted the left side of his waistband as he walked up the steps and onto the front porch of the house. The detectives stopped their car and saw that Graham did not knock on

the front door or enter the residence but continued to look over his shoulder in their direction.

Manley, still seated in the unmarked car, identified himself as a police officer and asked Graham if he lived at the residence. Graham replied that he did, but after being unable to provide the house's address, he stated that it was actually his sister's residence and that he did not know the address. As the detectives exited their vehicle to investigate further, Graham fled. Klipsch gave chase on foot and saw that Graham was holding the left side of his waistband. Graham eventually removed a firearm from his waistband during the chase, [**3] threw it to the ground, and continued to flee. After several times ordering Graham to stop and shouting that he was under arrest, Klipsch was able to apprehend Graham only after deploying his taser.

The detectives searched Graham incident to his arrest, seizing a ski mask and a pair of gloves from a pocket of his shorts. The detectives then returned to the area where Graham had thrown the firearm and recovered a fully loaded and functioning Sig Sauer semi-automatic pistol. During a later interaction with Officer Manley, Graham stated, "I thought about shooting you. That 'Sig' would have hurt, too."

Graham brought claims against the defendant officers. Specifically, Plaintiff asserted Fourth and Fourteenth Amendment claims of excessive force, and unreasonable seizure in their individual and official capacities. After this Court's

Order in response to Defendants' motion to dismiss, the only remaining claim is against Defendant Klipsch for excessive force. (Doc. 64).

Officer Klipsch denies using excessive force against Graham, and further asserts that any force used against Graham was reasonably necessary under the circumstances to effectuate his arrest after fleeing for the second burst of his taser on Plaintiff.

ANTICIPATED SUBSTANTIVE OR PROCEDURAL PROBLEMS

Defendant does not anticipate any substantive or procedural problems when introducing Defendant's own evidence. However, Defendant anticipates objections to Plaintiff's case. Specifically, Defendant anticipates objections to the testimony of the Plaintiff when Plaintiff presents facts that contradict those found in his criminal case which are prohibited by collateral estoppel and Supreme Court precedent in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Respectfully submitted,

Sheena Hamilton,
CITY COUNSELOR

By: */s/ Brandon Laird*
Brandon Laird, #65564MO
Associate City Counselor
Adriano Martinez, #69214MO
Assistant City Counselor
1200 Market Street
City Hall Room 314
St. Louis, MO 63103
Telephone: (314) 622-3361
Facsimile: (314) 622-4652
lairdb@stlouis-mo.gov
*Attorney for City of St. Louis*

## CERTIFICATE OF SERVICE

 I hereby certify that on November 8, 2021 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

       */s/ Brandon Laird*
        Brandon Laird
        Associate City Counselor