UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK ERNEST GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15-CV-01324-AGF |
| ) | |
| ) | |
| GREGORY KLIPSCH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on pro se Plaintiff Frederick Ernest Graham's motion for a new trial.  This Court, construing Plaintiff's motion liberally, has interpreted Plaintiff's motion as a motion for reconsideration.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1977).  For the reasons stated below, Plaintiff's motion will be denied.

## BACKGROUND

On August 24, 2015, Plaintiff filed this § 1983 action, claiming that Defendant Gregory Klipsch used excessive force in effecting Plaintiff's arrest on September 3, 2014.[1] In December 2021, Plaintiff appeared before this Court for a civil jury trial in this matter, in which he was represented by appointed counsel.  On December 8, 2021, a jury ruled in favor of Defendant Klipsch.  Doc. No. 191.

---

[1] Plaintiff initially filed this action against a number of other parties.  However, the other parties were dismissed prior to service for frivolity and failure to state a claim. Plaintiff's claims against Gregory Klipsch and Matthew Manley were permitted to go forward.  Plaintiff's claims against Matthew Manley were dismissed on May 4, 2017 for failure to state a claim.

Following his trial, through counsel, Plaintiff requested to transfer facilities, arguing that his current facility, USP Thomson, was in "crisis mode," due to the combination of high security and low staffing, which had lead to an increase in safety concerns and deaths among prisoners. Doc. No. 193. Plaintiff noted that two inmates had recently been charged with the murder of a fellow inmate.

On December 17, 2021, the Court issued an order granting Plaintiff's request in part. (Doc. No. 194). The Court noted that Plaintiff made several pro se requests for transfer before the Court during pretrial and trial proceedings. The Court also noted that under 18 U.S.C. § 3621(b), the Bureau of Prisons has the authority to designate the place of a prisoner's imprisonment, and that the Court has no authority to direct where a prisoner is housed. However, the Court requested that the Bureau of Prison's consider transferring Plaintiff to MCFP Springfield or USP Marion.[2] *Id.* at 3.

## **DISCUSSION**

Plaintiff is requesting a new trial and counsel for newly discovered evidence. It appears the newly discovered evidence is related to his request to transfer, and not his § 1983 civil trial. Plaintiff argues that after his trial he was "illegally transferred" back to USP Thomson, and he informed his counsel prior to trial that "6-7 [m]urders on inmates were in the process of taking place." Doc. No. 204 at 1. Plaintiff also argues that he "was not able to stand trial and was incompetent to stand trial behind the attempted murder of his person, and that he needed (6-12) month (continuance) to prepare himself for trial." *Id.* at 2.

---

[2]   Hon. Ronnie L. White, the District judge that presides over Plaintiff's criminal case (Case No. 4:14-CR-0333-RLW) joined in the request. Doc. No. 194 at 2.

Motion for Reconsideration

It is unclear whether Plaintiff's request is brought under Rule 59(e) or Rule 60(b), which places the Court in a difficult position. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). However, Plaintiff's motion is untimely under both rules and lacks merit.

Rule 59(e) says that a party must file a motion to alter or amend judgment no later than 28 days after entry of judgment. This deadline cannot be extended per Fed. R. Civ. P 6(b)(2). The Court entered judgment in favor of Defendant on December 8, 2021. Plaintiff did not bring this motion until December 14, 2022. It is therefore untimely and must be denied.

Rule 60(b) provides that a court may relieve a party from final judgment for various enumerated reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be made within a reasonable time, and when seeking relief on the basis of newly discovered evidence under Rule 60(b)(2), the motion must be filed within one year of the entry of judgment.

As noted above, Plaintiff's motion was filed on December 14, 2022, over a year after the entry of judgment. Even if the Court were to construe the filing deadline as the date Plaintiff listed on his motion and handwritten on his envelope, December 8, 2022,[3] Plaintiff's 60(b) motion is without merit. Rule 60(b) requires that the moving party show "exceptional circumstances" warranting "extraordinary relief." *United States v. Mask of*

---

[3] The postmark is dated December 12, 2022.

*Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014). The Eighth Circuit has consistently maintained that Rule 60(b) "was not intended as a substitute for a direct appeal from an erroneous judgment." *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986) (internal quotations omitted). Plaintiff's motion does not offer any new evidence related to his § 1983 excessive force claim and his arguments that he was incompetent to stand trial are without merit. This was not a criminal trial, but rather was a civil matter that Plaintiff brought by his own volition against an arresting officer. Further, the Court appointed counsel to represent Plaintiff in this civil action. In any event, the record does not support a finding that Plaintiff was legally incompetent during the pendency of his case. Plaintiff has failed to demonstrate exceptional circumstances warranting relief, his motion under Rule 60(b) is therefore denied.

**Transfer Request**

To the extent Plaintiff is seeking a reconsideration of his transfer request, it is denied. As noted in its December 17, 2021, order, the Court has no power to direct the transfer of prisoners, that power lies with the Bureau of Prisons (BOP). Doc. No. 194. The Court previously requested that the BOP consider transferring Plaintiff to a different facility, but any transfer decision was within the sole discretion of the BOP. *Id.* In any event, Plaintiff does not have a constitutional right to be held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Olim v. Wakienekona*, 461 U.S. 238 (1983); *Montanye v. Haymes*, 427 U.S. 236 (1976).

With respect to Plaintiff's request for a Rule 65(b) "Consent Order," it is unclear against whom Plaintiff is seeking a restraining order, and Plaintiff has also failed to allege

any of the elements required under the rule, including what his injury is and how he is suffering irreparable harm. Fed. R. Civ. P. 65. As such, this request is denied.

Lastly, to the extent that Plaintiff is requesting "expedited discovery" and "a comprehensive order to fashion a remedy to reveal information of (6-7) inmates dying and [Plaintiff's] injuries," such issues are entirely unrelated to this civil matter. Doc. No. 204 at 2. This matter was brought against a police officer that was involved in Plaintiff's arrest in 2014, not the conditions at USP Thomson. To the extent Plaintiff believes he has another cause of action related to the conditions at USP Thomson or the alleged death of inmates therein, he must file a separate action.

As explained above, the Court has no authority to direct where a prisoner is housed, that authority lies with the Bureau of Prisons. The Court has already requested that the Bureau of Prisons consider transferring Petitioner, but it was within their full discretion to deny such a request, as appears to be the case here.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a new trial/reconsideration is **DENIED**. (Doc. No. 204).

Dated this 14th day of April, 2023.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE